IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CAROLINE MORE,

                    Plaintiff,

        v.

BISHOP WILLIAM P. CALLAHAN, O.F.M.,
ARCHBISHOP JEROME E. LISTECKI,
MONSIGNOR MICHAEL J. GORMAN,
EDWARD JONES and WILLIAM MOORE,

                    Defendants.

OPINION AND ORDER

12-cv-905-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CAROLINE MORE,

                    Plaintiff,

        v.

ST. JOSEPH THE WORKMAN CATHEDRAL
PARISH, CITY OF LA CROSSE, DIOCESE OF
LACROSSE ATTORNEY JAMES BIRNBAUM
and OFFICER CRAIG TEFF,

                    Defendants.

OPINION AND ORDER

13-cv-846-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In these civil actions, pro se plaintiff Caroline More asserts various tort claims related to an alleged sexual assault. In an order dated June 25, 2014, I ordered plaintiff to respond by July 11, 2014 with affidavits or stipulations as to the citizenship of certain defendants

in both cases.  In addition, I granted defendant Diocese of La Crosse Attorney James Birnbaum's request for a more definite statement and ordered plaintiff to more clearly state her claims against him by July 11, 2014.  Although late, plaintiff has now responded to the order.  Case no. 12-cv-905-bbc, dkt. ##63, 64; case no. 13-cv-846-bbc, dkt. ##23, 24.  In addition, she has filed a motion in which she asks to view video footage from a security camera and she asks for reimbursement for copies of DVDs she paid for that she cannot play.  Case no. 12–cv-905-bbc, dkt. #65; 13-cv-846-bbc, dkt. #25.

I conclude that plaintiff's responses with respect to subject matter jurisdiction are sufficient at this stage of the proceedings.  However, plaintiff has failed to state a claim upon which relief may be granted against defendant Birnbaum, so he will be dismissed from the case.  Finally, I am denying plaintiff's motion to compel and for reimbursement because she has not alleged that she followed the appropriate steps before seeking relief from the court.

OPINION

A.  Subject Matter Jurisdiction

Plaintiff, who is a citizen of Minnesota, has brought these cases under 28 U.S.C. § 1332, which requires her to establish (1) diversity of citizenship between her and defendants and (2) an amount in controversy exceeding $75,000.  In the June 25, 2014 order, I noted that plaintiff had alleged the residency but not the domicile of defendants Bishop William P. Callahan, O.F.M., Archbishop Jerome E. Listecki, Monsignor Michael J. Gorman, Edward Jones and William Moore in case no. 12-cv-905-bbc and defendants Diocese of La Crosse

2

Attorney James Birnbaum and Officer Craig Teff in case no. 13-cv-846-bbc, as required to establish the defendants' citizenship. I ordered plaintiff to respond by July 11, 2014 with an affidavit or stipulation that established the citizenship of these defendants in both cases.

However, with respect to case no. 12-cv-905-bbc, plaintiff already had filed an amended complaint, dkt. #33, in which she properly alleged the citizenship of defendants Callahan, Listecki, Gorman, Jones and Moore, all of whom she alleges are domiciled in Wisconsin. Therefore the order to show cause, dkt. #60, was unnecessary, and the matter is moot.

With respect to case no. 13-cv-846-bbc, plaintiff properly alleged the citizenship of defendant St. Joseph the Workman Cathedral Parish (a corporation) and the citizenship of defendant City of La Crosse in her complaint (both citizens of Wisconsin). Plaintiff's complaint did not allege the citizenship of defendants Birnbaum or Teff properly, but plaintiff has now filed an affidavit, dkt. #24, in which she says that she has confirmed with defendants' attorneys that they are citizens of Wisconsin and no other state.

Plaintiff's case is in the pleading stage, so I may accept her jurisdictional allegations in her amended complaint in case no. 12-cv-905-bbc and her original complaint and affidavit in case no. 13-cv-846-bbc as true. However, in both cases, plaintiff will need to point to admissible evidence that shows the parties' citizenship in order to establish jurisdiction at summary judgment or trial. Plaintiff might consider requesting stipulations or admissions

3

from defendants on the defendants' citizenship.  Plaintiff may aver her own citizenship in a sworn affidavit.

## B. More Definite Statement

In the June 25, 2014 order in case no. 13-cv-846-bbc, dkt. #20, I granted defendant Birnbaum's motion for a more definite statement.  Plaintiff has filed what she labels "Second Amended Complaint," but the document is more accurately called a supplement to her original complaint.  (I also note that plaintiff filed the document in both case no 12-cv-905-bbc and 13-cv-846-bbc, though it appears to be responsive to the order to show cause in 13-cv-846-bbc alone.)

In the June 25 order, I instructed plaintiff to explain defendant Birnbaum's personal involvement in her case.  In her response, plaintiff says that she found that Birnbaum is "the lawyer who seemed to handle an ongoing work-up of legal matters for almost all [the Diocese of La Crosse's] churches."  Plt.'s Supp. to Cpt., dkt. #23.  This allegation does not state a claim against defendant Birnbaum.  Mere representation of another entity as a lawyer does not create liability, even if that entity engages in tortious or illegal acts.  Newhouse by Skow v. Citizens Security Mutual Insurance Co., 176 Wis. 2d 824, 841, 501 N.W.2d 1, 8 (1993) ("[T]he well established rule of law in Wisconsin is that absent fraud or certain public policy considerations, an attorney is not liable to third parties for acts committed in the exercise of his duties as an attorney.").

Plaintiff asks that if the court dismisses defendant Birnbaum she be allowed to name an "'empty chair' legal scenario," id., by which I believe she means name a "John Doe" defendant.  A plaintiff may name a John Doe defendant in her complaint when she cannot determine a defendant's name or identity without further discovery.  However, mistaken or unknown identity is not the problem with plaintiff's complaint.  Rather, the issue is that plaintiff has not alleged sufficient facts under Fed. R. Civ. P. 8 to state a claim against defendant Birnbaum or any other similarly situated person.  Thus, plaintiff's request will be denied.

Plaintiff also appears confused about whether the Diocese of La Crosse is a defendant. This party was not listed as a defendant in the caption of her original complaint or under the "parties" section in the body of her original complaint.  However, in her response to defendant Birnbaum's motion for a more definite statement, she expresses concern that the Diocese of La Crosse will be dismissed as a defendant.  She also says that she

> has reason to believe that in the event that the Diocese can demonstrate that they were not, in any way, party to hiring, supervision, or training maintenance employees for the business St Joseph the Workman Cathedral through discovery, then plausibly they should not be included in this action, because they could not be found to be negligent.  Furthermore, a jury most likely would not find that they had a role in damaging the plaintiff.  However, until plaintiff is able to advance discovery in the case, it is unclear where the liability lands.

Such speculation is insufficient to state a claim under Fed. R. Civ. P. 8.  Atkins v. City of Chicago, 631 F.3d 823, 830-32 (7th Cir. 2011) (to avoid dismissal, a plaintiff "must plead some facts that suggest a right to relief that is beyond the speculative level").  Thus, to the

extent plaintiff is seeking leave to amend her complaint to add the Diocese of La Crosse as a defendant, her motion will not be granted.


C.  Motion to Compel and for Reimbursement

Plaintiff says that she asked the City of La Crosse police department for DVD copies of video footage before and after her alleged sexual assault.  Plaintiff received the DVDs but says she is unable to view them, though she acknowledges that this may be because she does not know how to use her television properly.  Plaintiff asks the court to "rule in her favor on a motion that is designed for plaintiff to view and obtain the camera footage . . . ."  Plt.'s Mot., case no. 13-cv-846-bbc, dkt. #25, at 2.  She also asks the court to order the City of La Crosse to reimburse her for the amount she paid for the DVD copies.

Defendant City of La Crosse has responded by saying that, to its knowledge, the DVDs are functional.  It has sent a letter to plaintiff instructing her on how to use a computer so that she may view the DVDs from it.  Defendant says plaintiff did not seek assistance from it before filing this motion.  Further, defendant argues that all people who request records from the City of La Crosse are charged the costs associated with copying those records, and plaintiff was not treated differently.

As an initial matter, it is unclear whether plaintiff's original request for the DVDs was part of a formal discovery request or whether she filed a records request as a citizen.  In any event, the Federal Rules of Civil Procedure require a plaintiff to first attempt to formally request production of the evidence and confer with the opposing party about the discovery request *before* filing a motion to compel.  Fed. R. Civ. P. 37(a)(1) ("The motion [to compel

6

discovery] must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.").  Because plaintiff has not certified that she attempted to resolve her problem with defendant City of La Crosse *before* filing this motion, I am denying it.  Should plaintiff have additional trouble viewing the DVDs, she should first contact the City of La Crosse for assistance in playing the DVDs or to request new copies.

In addition, plaintiff's request for a refund of the DVD copying fee will be denied. Fed. R. Civ. P. 34(a)(1)(A) requires only that a party produce documents for inspection and copying.  It does not require that copies be provided free of charge to an opposing party.  It is also not clear that plaintiff asked for the DVDs in the course of discovery.  If she did not, her request for relief would need to be raised in a separate lawsuit.  In any case, plaintiff has not shown that she is entitled to a reimbursement because she has not shown that the DVD copies she received are defective or that she requested and was denied replacement copies from the City of La Crosse.

## ORDER

IT IS ORDERED that

1.  Defendant Diocese of La Crosse Attorney James Birnbaum is DISMISSED from case no. 13-cv-846-bbc for plaintiff Caroline More's failure to state a claim against him under Fed. R. Civ. P. 8.

2.  Plaintiff's motion to compel and for reimbursement of costs, filed in case no. 12-cv-905-bbc, dkt. #65, and in case no. 13-cv-846-bbc, dkt. #25, is DENIED.

Entered this 19th day of August, 2014.

BY THE COURT:

/s/
BARBARA B. CRABB
District Judge